EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ CORRETJER HERNÁNDEZ, acusado y apelante.

Núm. 8315.—*Sometido:* Diciembre 13, 1940. *Resuelto:* Febrero 13, 1941.

*A. Lastra Charriez* y *A. D. Marchand Paz,* abogados del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El trece de noviembre de 1936 el fiscal del distrito de San Juan formuló acusación contra José Corretjer impu-

tándole un delito de portar armas prohibidas porque el cuatro
de octubre anterior, en Río Piedras, ilegal, voluntaria y mali-
ciosamente portaba sobre su persona un revólver con fines de
ofensa y defensa.

Celebrado el juicio, la corte, el tres de enero de 1940, de-
claró culpable al acusado y le impuso seis meses de cárcel.
Para fundar su sentencia, emitió la siguiente opinión:

"A solicitud del acusado, este caso se vió conjuntamente con otro
contra el mismo acusado por asesinato, y las partes lo sometieron
por la misma prueba que se produjo en el caso de asesinato. No hubo
veredicto en el caso de asesinato, y el acusado entonces solicitó de
la corte no resolviese este caso, y lo dejase pendiente para ser visto
de nuevo conjuntamente con el de asesinato. Como único argumento
en apoyo de esta solicitud adujo el acusado el de que una sentencia
condenatoria en este caso podría perjudicarle en el proceso por
asesinato. La corte entiende que la solicitud del acusado es improce-
dente. El caso del epígrafe ya se ha visto ante tribunal de derecho,
y el juez tiene la obligación de dictar la sentencia que proceda.
Luego de celebrado el juicio y sometido el caso, una corte no puede
rehusar dictar sentencia, a solicitud de una de las partes, por el mero
hecho de que convenga a los intereses de esa parte el posponer la
resolución del caso. El acusado en un proceso criminal tiene ciertos
derechos fundamentales, pero entre ellos no está el de la inmunidad,
durante la pendencia del proceso, contra cualquier sentencia por otro
delito, no importa cuán estrechamente pueda estar ligado dicho delito
con el que quede pendiente de juicio. *Pueblo* v. *Marchand Paz,* 53
D.P.R. 885. Pero aún asumiendo que en Puerto Rico pudiera origi-
narse tal inmunidad, debía invocarse antes de celebrarse el juicio,
como posible fundamento para su posposición, y no después de haber
el acusado tenido su día en corte, después de haberse agotado la
prueba de las partes, y después que el acusado ha podido apreciar
la situación en que le ha colocado la prueba. La prueba demuestra
fuera de toda duda que el acusado, en la fecha y lugar que se espe-
cifican en la acusación, portaba ilegalmente un revólver, el cual
utilizó para dar muerte ilegal a José Diosvaldo Díaz, sin que mediara
agresión de parte de éste, circunstancias éstas que exigen la imposi-
ción de la pena máxima provista para el delito cometido."

Apeló Corretjer y en su alegato señala tres errores co-
metidos por la corte 1, al fallar el caso sin estar resuelto el

proceso de asesinato, 2, al apreciar la prueba y 3, al imponerle una pena excesiva.

Discutiendo el primer señalamiento de error, el apelante no cita jurisprudencia alguna en apoyo del mismo. Su razonamiento por si solo no es convincente. Sí lo es el de la opinión de la corte de distrito que queda en pie. No hubo error.

 Tampoco se cometieron los dos otros errores que se imputan a la corte. Examinada la prueba la encontramos suficiente, y atendidas las circunstancias que concurren no puede sostenerse que la corte sentenciadora abusara de su discreción al imponer al acusado el máximo de la pena.

*Debe declararse sin lugar el recurso y confirmarse la sentencia.*